UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN E. TOMES,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Civil Action No.
11-CV-15042

HON. MARK A. GOLDSMITH

**OPINION AND ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION INSOFAR AS IT IS CONSISTENT WITH THIS OPINION AND ORDER, (2) OVERRULING PLAINTIFF'S OBJECTIONS, (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, and (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This is a social security case. Plaintiff Kathleen E. Tomes appeals from the final determination of the Commissioner of Social Security that she is not disabled and, therefore, not entitled to disability insurance benefits. The matter was referred to Magistrate Judge R. Steven Whalen for all pretrial proceedings. The parties filed cross motions for summary judgment. On January 30, 2013, Magistrate Judge Whalen issued a Report and Recommendation ("R&R"), recommending that the Commissioner's motion be granted and that Plaintiff's motion be denied. Plaintiff has filed objections to the R&R. The matter is now ready for decision. The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The background and procedural history of this case – along with the general legal framework applicable in social society appeals – have been adequately summarized by the

1

Magistrate Judge and need not be repeated in detail here. Before discussing Plaintiff's objections, the Court makes the following general observations about this case and the applicable law. Plaintiff must show that she was disabled between January 1, 1999, her alleged disability onset date, and March 31, 2004, the date last insured. See Price v. Chater, 106 F.3d 401 (Table), 1996 WL 742206, at *2 (6th Cir. 1996) ("In order to establish entitlement to social security disability insurance benefits, claimant must establish that he became 'disabled' prior to the expiration of his insured status"). In other words, January 1, 1999 to March 31, 2004 is the only relevant time period in this case. Equally important for the present purposes: "Claimant bears the ultimate burden of proof on the issue of disability," id., and this Court's role is limited to determining whether substantial evidence supports the ALJ's decision. 42 U.S.C. § 405(g); Sherrill v. Sec. of Health & Human Servs., 757 F.2d 803, 804 (6th Cir. 1985). See also Baker v. Heckler, 730 F.2d 1147, 1150 (6th Cir. 1984) ("The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").

The Court makes these observations at the onset of its review because its review of the medical evidence in this case reveals an abundance of medical evidence bearing on Plaintiff's medical condition after her date last insured, but very little medical evidence that is probative of her condition during the relevant time period of January 1, 1999 to March 31, 2004. Simply stated, substantial evidence supports the ALJ's conclusion that Plaintiff proffered insufficient evidence in this case demonstrating disability during the relevant time period; Plaintiff has not met her burden of proving that she is entitled to disability benefits.

In the section of her summary judgment motion in which Plaintiff discusses the medical evidence of record, see Pl. Br. at 3-9 (Dkt. 12), Plaintiff references numerous events – such as

hospital stays and doctor appointments – occurring after (and, often, many years after) the expiration of her insured status. The Court acknowledges that evidence post-dating the expiration of Plaintiff's insured status is allowable so long as it "relate[s] back to [her] condition prior to the expiration of [her] date last insured," see Price, 1996 WL 742206, at *2; however, Plaintiff entirely fails to explain how much of her post-expiration evidence is relevant; in other words, she fails to establish that the evidence "relate[s] back" to her condition after her alleged onset date and prior to her date last insured. See Price, 1996 WL 742206, at *2.

Plaintiff discusses only two items of evidence that are probative of her medical condition during the time period that is relevant in this case – from January 1, 1999 to March 31, 2004 – and the ALJ's conclusion that they are collectively insufficient to establish disability is supported by substantial evidence, as the Magistrate Judge concluded in his R&R. The first item of evidence is a terse, one-paragraph letter written by a licensed psychologist, Nick Boneff, Ph.D, who treated Plaintiff in psychotherapy in 1999 and 2000. A.R. 360. The letter, which was written some ten years after Plaintiff concluded treatment with Dr. Boneff, states that Plaintiff was treated for anxiety and depression, that these conditions "made it difficult [for Plaintiff] to function in pressured situations, such as work environments," and that "a significant source of stress" for Plaintiff was "coping with [her young son's] physical and emotional problems" stemming from his illness. Id.

The Magistrate Judge concluded that "[the ALJ] permissibly noted that the psychologist's summary 'provided only conclusions without supporting detailed medical records'" and that "[t]he ALJ's discussion of Dr. Boneff's one-page summary was . . . adequate." R&R at 12 (quoting A.R. 22). In her objections, Plaintiff does not specifically take issue with the Magistrate Judge's conclusion on this issue and, on review, the Court agrees that the conclusory nature of Dr. Boneff's

3

letter and lack of supporting evidence renders it of limited assistance for purposes of determining disability. See Maple v. Apfel, 14 F. App'x 525, 536 n.3 (6th Cir. 2001) (noting that "[a] treating physician's opinion on the nature and severity of a claimant's impairment is entitled to controlling weight only when," among other things, "the opinion is well supported by medically-acceptable clinical and laboratory diagnostic techniques"); Bass v. McMahon, 499 F.3d 506, 511 (6th Cir. 2007) (ALJ not bound by physician's conclusory opinion that claimant is unable to work).

The only other evidence that is arguably probative on the issue of whether Plaintiff was disabled in the relevant time period from January 1, 1999 to March 31, 2004 is the treatment notes, treatment summary, and mental capacities evaluation of Dr. Joan Moriarty, Ph.D., Plaintiff's treating psychologist from February 17, 2004 until September 13, 2005. A.R. 413-414, 419-440; 442-444; 456-466.[1] The content of this medical evidence is summarized by both the ALJ, see A.R. 20-22, and by the Magistrate Judge, see R&R at 4, 6, and is not repeated here. Importantly, the Court notes that, because Plaintiff treated with Dr. Moriarty both before and after Plaintiff's last insured date, Dr. Moriarty's medical records are only relevant to the extent they bear on Plaintiff's medical condition prior to her date last insured. Thus, for example, Dr. Moriarty's treatment notes for sessions occurring after March 31, 2004 are irrelevant unless something written in a particular treatment note "relate[s] back" to the time period that is relevant in this case.

In her mental capacities evaluation – which is a retrospective medical evaluation of Plaintiff prepared by Dr. Moriarty long after Plaintiff's last treatment date – Dr. Moriarty gives her

---

[1] Dr. Moriarty's treatment summary for Plaintiff is dated October 4, 2010, some five years after Plaintiff last treated with Dr. Moriarty. Similarly, Dr. Moriarty's mental capacities evaluation of Plaintiff is dated April 18, 2011, about five and a half years after Plaintiff last treated with Dr. Moriarty. Nevertheless, this evidence is relevant to the extent it "relate[s] back to [Plaintiff's] condition prior to the expiration of [her] date last insured." See Price, 1996 WL 742206, at *2.

4

impressions about Plaintiff's condition and limitations as of the time Dr. Moriarty treated Plaintiff.[2] Because the evaluation covers Dr. Moriarty's overall impressions of Plaintiff spanning a period of time well beyond Plaintiff's last insured date, and because Dr. Moriarty treated Plaintiff for only a month and a half prior to her last insured date, the evaluation is not particularly probative on the issue whether Plaintiff was disabled before her last insured date. The same is true of Dr. Moriarty's treatment summary for Plaintiff; that evaluation, too, is not focused on Plaintiff's condition before her last insured date, but rather covers an expansive time period spanning well beyond the last insured date.

In any event, the Court concludes that substantial evidence supports the ALJ's finding that Plaintiff failed to prove that she was disabled prior to her last insured date. See Sherrill, 757 F.2d at 804; Baker, 730 F.2d at 1150. The medical evidence from Dr. Moriarty reflects that Plaintiff's condition became increasingly worse throughout the course of her treatment, which began on February 17, 2004 and ended on September 13, 2005. Dr. Moriarty wrote in her mental capacities evaluation of Plaintiff: "During the course of treatment [Plaintiff's] functioning deteriorated through a period of time reaching a crisis level prior to her being admitted to Beaumont Hospital [which was in June 2005]." A.R. 461. Again, Plaintiff treated with Dr. Moriarty for only about a month and a half prior to her last insured date, and for about a year and five months after her last insured date. There is nothing in the medical evidence provided by Dr. Moriarty to suggest that Plaintiff's condition was severe enough to warrant a disability finding in the early stages of her treatment with Dr. Moriarty. Again, it is Plaintiff's burden to show disability before her last insured date, see Price, 1996 WL 742206, at *2, and substantial evidence supports the ALJ's

---

[2] Dr. Moriarty circled "Cannot Meet Competitive Standards" in 21 out of 22 categories evaluating various aspects of Plaintiff's functioning.

conclusion that Plaintiff did not satisfy that burden here. See A.R. 21 ("[Plaintiff] must establish that she was disabled prior to March 31, 2004, the date she was last insured. Despite Dr. Moriarty's conclusions cited [in her mental capacities evaluation], there are scant medical records of [Plaintiff's] medical condition prior to April 18, 2011 . . .").[3]

Plaintiff asserts two objections to the Magistrate Judge's R&R. In her first objection, Plaintiff takes issue with a statement made by the Magistrate Judge in his R&R to the effect that Plaintiff's disability claim is supported by nothing more than "six weeks of scant treating records before the expiration of benefits." R&R at 11. Plaintiff argues that there is more in the record supporting her disability claim aside from the treatment notes, pointing to Dr. Boneff's letter and a statement made by Dr. Moriarty in her mental capacities evaluation that Plaintiff's limitations lasted "during the time of her treatment." A.R. 461. The Court has already addressed Dr. Boneff's letter. Regarding the cited statement made by Dr. Moriarty, the statement must be read in conjunction with what Dr. Moriarty wrote next: "During the course of treatment [Plaintiff's] functioning deteriorated through a period of time reaching a crisis level prior to her being admitted to Beaumont Hospital [which was in June 2005]." This second statement clarifies that Plaintiff's condition did not remain constant throughout the course of treatment; again, there is nothing shedding light on Plaintiff's condition before her last insured date.

In her second objection, which is rather lengthy and encompasses multiple issues, Plaintiff first takes issue with the ALJ's statement that the medical records from Dr. Moriarty "clearly show that prior to March 31, 2004 . . . [Plaintiff] was not disabled." A.R. 21. The Court agrees with Plaintiff that this statement is not supported by the record. In truth, there is simply insufficient

---

[3] The Court does not necessarily accept the ALJ's conclusion that "there are scant medical records of [Plaintiff's] medical condition prior to April 18, 2011"; it is sufficient to note that there are scant medical records of Plaintiff's medical condition prior to March 31, 2004 – her last insured date.

evidence to make a determination one way or another on the issue, and thus Plaintiff failed to meet her burden. Notwithstanding the imprecise language used by the ALJ here, remand is not warranted because substantial evidence clearly supports the ALJ's conclusion that Plaintiff has not demonstrated disability prior to her last insured date.

Next, Plaintiff faults the ALJ and Magistrate Judge for purportedly concluding that hospitalization is required before a condition can be found to be disabling. However, neither judicial officer made any such conclusion. Rather, both the ALJ and the Magistrate Judge were merely pointing out that Plaintiff's two hospitalizations cannot be used to support her disability claim because both hospitalizations occurred well after Plaintiff's last insured date. See A.R. 21 (After discussing Plaintiff's two hospitalizations, the ALJ wrote: "The problem for [Plaintiff] is that the first above cited hospitalization took place more than a year after her insured status expired on March 31, 2004. Her second above cited hospitalization took place more than four years after her insured status expired."); R&R at 12 ("The ALJ acknowledged that during the course of Dr. Moriarty's treatment, Plaintiff required inpatient psychiatric treatment, but once again, correctly pointed out that '[t]he problem for the claimant is that the first above cited hospitalization took place more than a year after her insured status expired on March 31, 2004' (Tr. 21)."). Neither the ALJ nor the Magistrate Judge even arguably held that hospitalization is required for a disability finding.

Plaintiff further argues that the ALJ impermissibly rejected Dr. Moriarty's opinions because they were rendered long after treatment. Plaintiff does not pinpoint where in the ALJ's decision he purportedly rejected Dr. Moriarty's opinions on this basis, and she cannot do so because the ALJ did not reject or discount Dr. Moriarty's opinions on that basis.

Finally, Plaintiff argues that the ALJ failed to adequately explain his reasons for

7

discounting Dr. Moriarty's opinions pursuant to the treating-source rule, which requires that a treating source's opinion be given "controlling weight" if the treating source opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Under the treating-source rule, if the ALJ does not give a treating physician's opinion controlling weight, the ALJ must (i) determine how much weight to assign to the treating source opinion, and (ii) support its determination of how much weight to give with "good reasons." See Friend v. Comm'r of Soc. Sec., 375 F. App'x 543, 550 (6th Cir. 2010).

Upon de novo review, the Court concludes that the treating-source rule is not operative in this case because the ALJ did not so much discount or reject the opinions of Dr. Moriarty as he did note that there is insufficient medical evidence from Dr. Moriarty (or any other source) focusing on the period of time before Plaintiff's insured status expired. See A.R. 21 ("Dr. Moriarty did not provide many records regarding [Plaintiff's] mental condition prior to March 31, 2004 . . ."); A.R. 22 ("The medical record shows that prior to March 31, 2004, [Plaintiff] had the mental impairments of a major depressive disorder, a bipolar disorder, and anxiety. However, there is scant medical evidence that was provided."). The Court finds no error in the ALJ's conclusion.

Plaintiff's objections are overruled, the Commission's motion for summary judgment (Dkt. 13) is granted, and Plaintiff's motion for summary judgment (Dkt. 12) is denied.

SO ORDERED.

Dated: March 18, 2013　　　　　　　　　　s/Mark A. Goldsmith_____
　　　Flint, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 18, 2013.

                                              s/Felicia M. Moses for Deborah Goltz
                                              DEBORAH GOLTZ
                                              Case Manager